IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**SUSAN MCMASTERS** individually and as )
Administratrix of the Estate of Baby Doe, )
                                )
           Plaintiff, )
                                )
           v. )      2:20cv791
                                )      **Electronic Filing**
**RESTAURANT BRANDS** )
**INTERNATIONAL, INC.** trading and )
doing business as BURGER KING, )
**CARROLS LLC BK** trading and doing )
business as BURGER KING, **CARROLS** )
**BK CORPORATION** trading and doing )
business as BURGER KING, **CARROLS** )
**LLC** trading and doing business as )
BURGER KING and **CARROLS** )
**RESTAURANT GROUP, INC.** trading )
and doing business as BURGER KING, )
                                )
           Defendants. )

## OPINION

Plaintiff, Susan McMasters ("Plaintiff" or "McMasters") individually and as

Administratrix of the Estate of Baby Doe (the "Estate"), commenced this action against

defendants, Restaurant Brands International, Inc. ("RBI"), Carrols Corporation ("CC")

(incorrectly named Carrols BK Corporation), Carrols LLC ("CLLC") and Carrols Restaurant

Group, Inc. ("CRG") (collectively "Carrols") (collectively, with RBI, "Defendants") alleging

causes of action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the

Pregnancy Discrimination Act (the "PDA"), the Americans with Disabilities Act (the "ADA"),

the Pennsylvania Human Relations Act, (the "PHRA") retaliation, and the Pennsylvania

Wrongful Death Act, 42 Pa. Cons. Stat. Ann. § 8301, as well as asserting a survival action

pursuant to 42 Pa. Cons. Stat. Ann. § 8302. After an initial period of discovery, this court issued

a memorandum opinion on August 25, 2021, granting defendants' motion to compel arbitration.

The accompanying motion to dismiss was denied without prejudice to renew the motion before

the arbitrator.  The parties elected to appoint Judge Patricia McInerney, a former judge of the Commonwealth of Pennsylvania with 23 years of experience on the bench.  As arbitrator, Judge McInerney issued an interim award on December 12, 2022, granting in part defendants' renewed motion to dismiss.  All claims against RBI were dismissed and Counts VIII and IX were dismissed in their entirety.  On August 26, 2023, Arbitrator McInerney granted defendants' motion for summary judgment on all remaining claims.  Presently before the court is plaintiff's motion to vacate both awards and commence with a jury trial and defendants' motion to confirm the awards and enter them as a final judgment in this court.  For the reasons set forth below, plaintiff's motion to vacate will be denied and defendants' motion to confirm will be granted.

As an initial matter, plaintiff challenges as erroneous this court's decision to grant defendant's motion to compel arbitration.  In this regard the court purportedly violated the standard of review "in numerous and repeated ways."  Chief among them were the failure to recognize there were material issues of fact in dispute and granting the motion without further evidentiary development.

More specifically, according to plaintiff, the court improperly shifted the burden to plaintiff and faulted her for not taking the deposition of Affiant Carrie Kordistos with regard to plaintiff's orientation and whether plaintiff had actually received the first page of the two-page agreement that obligated the parties to submit to arbitration all disputes arising out of their employment relationship.  It then violated the standard of review by attaching improper weigh to the Kordistos Affidavit and failing to credit the import of plaintiff's deposition testimony sufficiently, which was detailed, specific, consistent and subjected to extensive cross-examination.

In addition, the court supposedly made credibility determinations by indicating 1) plaintiff's assertion that page one of the arbitration agreement was not included in her orientation

2

material was not the end of the inquiry and 2) defendants had sufficiently rebutted the contention through the Kordistos Affidavit and other related materials. And in drawing on the Affidavit of Gerald Digenova, the defendant/employer's Vise-President of Human Resources, the court further deviated from the proper standard of view by 1) treating it as based on personal knowledge when it was limited to a business records review and 2) failing to give proper weight to Digenova's admission that he did not do anything to learn whether plaintiff actually had been supplied with both pages of the arbitration agreement.

As a result of the above errors, the court failed to recognize under the controlling standard of review that material issues of fact existed about whether defendant Carrols had engaged in fraud in the factum by providing plaintiff with only the second page (the signature page) of the arbitration agreement. Consequently, in plaintiff's view the court erroneously granted defendants' motion to compel arbitration.

Plaintiff mounts a similar attack on the awards of Arbitrator McInerney. She likewise purportedly rendered awards that run afoul of virtually every basis known to render an award unenforceable. Chief among them were the failure to recognize there were material issues of fact in dispute; the misapprehension of the nature of plaintiff's claims; the lack of a ruling on the issues that actually were before the arbitrator; and the failure to recognize that the direct evidence framework for liability was applicable to plaintiff's pregnancy discrimination claim and to credit plaintiff's theory that the evidence reflected "direct" evidence of pregnancy discrimination. These purported errors culminated in a totally irrational and arbitrary award that was in manifest disregard of the law.

Defendants maintain that the record fails to contain any basis for disturbing Arbitrator McInerney's awards. First, they assert there is not basis for reconsideration of the decision to grant their motion to compel arbitration. Second, plaintiff failed to raise the issues of

arbitrability of her claims before the arbitrator and thereby waived any objection to her claims being resolved in arbitration pursuant to delegation clause of the JAMS rules as mandated by Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010) and Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967).  Further, the record reflected that plaintiff signed page 2 of the arbitration agreement, which could only have reflected her clear understanding of the parties' agreement to submit all claims to arbitration.  She acknowledged her understanding that signing the agreement was a condition of employment and by doing so she was agreeing to submit any claims to the required process.  And that she had access to the agreement on a daily basis through the poster that hung on the wall in the restaurant where she worked.  Thus, the court correctly concluded that there were not issues of material fact that precluded the granting of defendants' motion and plaintiff was required to submit her claims to arbitration.

Moreover, defendants argue that none of the bases for vacating an arbitration award under § 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, are present.  Instead, plaintiff's shotgun attack merely seeks to have the court re-examine the evidence and reach a result different from Arbitrator McInerney's assessment of the sufficiency of the evidence to support plaintiff's claims.  Thus, from defendant's perspective the record lacks any sound basis to vacate the arbitrator's awards and they should be affirmed and entered as a final judgment of this court.

Plaintiff's efforts to discard the results of the arbitration are unavailing.  As an initial matter, plaintiff's attempt to re-litigate the ruling on defendant's motion to compel is misplaced for two fundamental reasons.

First, challenging the order to compel arbitration is a motion for reconsideration.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Jarzyna v. Home Properties, L.P., 185 F. Supp. 3d 622, 621 (E.D.

4

Pa. 2016) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  "A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"  Jarzyna, 779 F. Supp. 3d at 621-22 (quoting Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  In the absence of such circumstances, a motion for reconsideration may not be used to rehash matters that have already been considered fully and decided; nor may it be used to thwart the principles of finality and have the court rethink a prior decision, regardless of whether that decision appears to have been rightly or wrongly decided.  Id. at 622 (collecting cases).

Here, plaintiff has failed to identify any ground that would warrant reconsideration and merely quibbles with the reasoning underlying the court's prior decision.  There thus is not a sound basis to do an about face and embark on a new adventure.

Second, even assuming the court could revisit the issues raised by defendant's motion, plaintiff has failed to overcome the basic undisputed facts that led to the decision to grant the motion.  Plaintiff signed page 2 of the arbitration agreement.  It referenced the arbitration agreement in clear and unmistakable terms.  Plaintiff acknowledged that signing the agreement was a condition of her employment.  She also acknowledged that by doing so she was agreeing to submit any claims to the required process.  And she had access to the agreement on a daily basis through the poster that hung on the wall in the restaurant where she worked.  She submitted no evidence to suggest defendant intentionally withheld page 1 from her or engaged in some other form of mischief.  Given these facts, the court correctly concluded that there were no

material issues of fact that precluded the granting of defendants' motion and required plaintiff to

submit her claims to arbitration.

  Plaintiff's efforts to upend Arbitrator McInerney's decisions likewise fall short of meeting

any of the requirements in § 10(a) of the FAA or any other applicable grounds for vacatur.  The

FAA provides that an arbitration award may be vacated:

  (1)  Where the award was procured by corruption, fraud or undue means.

  (2)  Where there was evident partiality or corruption in the arbitrators . . . .

  (3)  Where the arbitrators were guilty of misconduct in refusing to postpone the hearing,
upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the
controversy; or of any other misbehavior by which the rights of any party have been
prejudiced.

  (4)  Where the arbitrators exceeded their powers, or so imperfectly executed them that a
mutual, final, and definite award upon the subject matter submitted was not made.

9 U. S. C. § 10(a)(1)-(4).   The grounds upon which this Court may vacate an arbitration award

generally are understood to be "narrow in the extreme."  Amalgamated Meat Cutters & Butcher

Workmen of N. Am., Local 195 v. Cross Brothers Meat Packers, Inc., 518 F. 2d 1113, 1121 (3d

Cir. 1975).

  Arbitration awards will be set aside only in "very unusual circumstances."  First Options

of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995).  The "court's function in confirming or

vacating [an arbitration] award is severely limited" and there is a "strong presumption" in favor

of an arbitration award.  Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., 868

F.2d 52, 56 (3d Cir. 1989).

  It is not the proper role of the court to "sit as the [arbitrator] did and reexamine the

evidence under the guise of determining whether the arbitrators exceeded their powers."  Mutual

Fire, 868 F.2d at 56.  In other words, the court's role is not to review the merits of the arbitrators'

decision.  See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987).  "[T]he

terms of the arbitral award will not be subject to judicial revision unless they are 'completely irrational.'" <u>Mutual Fire</u>, 868 F.2d at 56 (citing <u>Swift Indus. v. Botany Indus.</u>, 466 F.2d 1125, 1131 (3d Cir. 1972).

In addition to the statutory grounds, a district court may also vacate an award if the arbitrators displayed "manifest disregard" of the law.  <u>First Options</u>, 514 U.S. at 942.  "Manifest disregard of the law" by arbitrators is a judicially created ground for vacating their arbitration award.  <u>See</u> <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37 (1953).  To the extent that we review for "manifest disregard" of the law, this means looking for something more than error or misunderstanding with respect to the law.  <u>See</u> <u>Freeman v. Pittsburgh Glass Works, LLC</u>, 709 F.3d 240, 251 (3d Cir. 2013) ("[w]e do not entertain claims that an arbitrator has made factual or legal errors.  Rather, mindful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable.") (quoting <u>Sutter v. Oxford Health Plans LLC</u>, 675 F.3d 215, 219 (3d Cir. 2012); <u>accord</u> <u>Local 863 Intern. Broth. Of Teamsters, Chauffers, Warehousemen and Helpers of America v. Jersey Coast Egg Producers, Inc.</u>, 773 F.2d 530, (3d Cir. 1985) ("An award may be set aside only in limited circumstances, for example, where the arbitrator's decision evidences manifest disregard for the law rather than an erroneous interpretation of the law."); <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 370 (3d Cir. 2003) (same); <u>Conntech Dev. Co. v. University of Conn.</u>, 102 F.3d 677, 687 (2d Cir. 1996) (same); <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d 930, 933 (2d Cir. 1986) (same)).  Specifically, a court should not vacate an award unless it finds "both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." <u>Halligan v. Piper Jaffray, Inc.</u>, 148 F. 3d 197, 202 (2d Cir. 1998); <u>DiRussa v. Dean Witter Reynolds, Inc.</u>, 121 F. 3d 818, 821 (2d Cir. 1997), <u>cert. denied</u>, 522 U.S. 1049 (1998).

These principals reinforce the proposition that in deciding whether a sufficient showing has been made to vacate an arbitration award, it is not enough to establish that the arbitrator legally or factually erred; instead, a reviewing court must find that the arbitrator's decision exceeded the bounds of rationality.  In other words, it was "completely irrational."

Plaintiff has failed to identify in the record any set of circumstances that raise even the specter of any ground that would support vacatur of the awards.  It is clear that Arbitrator McInerney knew the issues submitted turned on the application of the standards for summary judgment and the record as submitted by both parties.  She carefully considered the submitted information that actually was submitted.  She applied the principles governing plaintiff's claims of discrimination and assessed the sufficiency of the evidence to support those claims.  That she reached a conclusion with which plaintiff does not agree is at best only to an erroneous application of the law to the facts.  Assuming there was an error or an abuse of discretion as to the standards governing the discrimination claims and/or the sufficiency of the evidence needed to withstand defendants' challenge at summary judgment, it was a factual or legal error that is beyond the current scope of review.

Moreover, it was not "completely irrational" for Arbitrator McInerney to be convinced that plaintiff's evidence amounted to nothing more than showing that she suffered from a medical emergency and given that context the evidence of record lacked the probative force to sustain a finding that the defendants' agents responded to the situation in a manner that reflected the claimed forms of discriminatory animus.  Indeed, the probative force of the entire record and the reasonable inferences that could be drawn therefrom made such an assessment quite rational. And this remains true regardless of whether her decision is examined pursuant to a pretext or

mixed-motives analysis.[1]  Consequently, the numerous grounds advanced by plaintiff in support of vacating the awards do not meet the burdens and make the showing needed to have the awards vacated.

For the reasons set forth above, plaintiff's motion to vacate Arbitrator McInerney's awards will be denied and defendants' motion to affirm the awards and enter them as a final judgment of this court will be granted.  Appropriate orders will follow.

Date: March 19, 2024

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Noah Geary, Esquire
       Marie I. Rivera Johnson, Esquire
       Jeffrey J. Mayer, Esquire
       Catherine A. Miller, Esquire
       Megan M. Kokontis, Esquire

(*Via CM/ECF Electronic Mail*)

---

[1] Plaintiff apparently takes the position that the fact that the individuals with whom she interacted on the night in question had reason to believe she was pregnant reflects "direct" evidence of pregnancy discrimination when they did not affirmatively respond to plaintiff's request to leave the store in a manner deemed satisfactory to plaintiff.  If this were the case, merely being black or female or a paraplegic would also automatically qualify as "direct" evidence of discriminatory animus whenever such an employee interacted with others in the workplace.  Of course, something more is needed to obtain a mixed-motives analysis/jury instruction.  See, e.g., Egan v. Delaware River Port Authority, 851 F.3d 263, 274-75 (3d Cir. 2017) (holding that the relevant inquiry for determining whether a mixed-motives standard applies is a review of the statutory phrasing of the prohibition in question and, if authorized, whether the evidence adequately shows there were both legitimate and illegitimate reasons for the adverse employment action).

9